UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Marc T. Crain,

           Plaintiff

    v.

Mercedes Benz USA, et al.,

           Defendants

Case No. 2:22-cv-02080-CDS-NJK

**Order Denying Motion for Judicial Review and Ordering Plaintiff to Show Cause**

[ECF No. 4]

      Pro se plaintiff Marc Crain brings this action claiming that his rights were violated when defendants Mercedes Benz USA, Crain Automotive Team, and First Security Bank participated in events leading to the loss of his vehicle. Compl., ECF No. 1-2. Because I found the complaint duplicative of the one that Crain filed in another case in June 2022,[1] I issued an order to show cause, directing Crain to explain how the causes of action in this complaint differ from those I previously dismissed. ECF No. 3. Crain timely filed a response to that order, calling it a "motion for judicial review" and seeking that a new judge be assigned to this case in my stead. Resp., ECF No. 4.

      Crain reasserts that "Mercedes USA paid a wrecker to pick [up his] 500S Mercedes in Arizona and deliver it to Henderson Mercedes" and "Reynie Rutledge [First Security Bank] fenced [his] car and would not return it." *Id.* at 2. While "pro se pleadings must be construed liberally" (*Draper v. Rosario*, 836 F.3d 1072, 1080 (9th Cir. 2016) (citing *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002))), even construing Crain's response in a liberal fashion, I find that it does not properly address the issue raised in the show-cause order. Crain does not address why this case should not be dismissed as duplicative of the previously dismissed action. As I instructed

---

[1] *See generally Crain v. Mercedes Benz of USA*, 22-cv-00806-CDS-BNW.

him in my previous order, Crain "must explain how the causes of action in this complaint differ from those I previously dismissed." ECF No. 3. Because Crain is pro se, I grant him another opportunity to address my show-cause order. By **March 10, 2023**, Crain must file a response specifically indicating how this case differs from the one that he already filed and I dismissed. Furthermore, he must demonstrate in his response how this court has subject-matter jurisdiction over his purported claims. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). If Crain fails to demonstrate subject-matter jurisdiction, I must dismiss the case, as this court would not have the authority to decide it. Crain is reminded that his failure to sufficiently respond—as to the duplicative nature of this action or subject-matter jurisdiction—could result in the dismissal of this case without further prior notice.

Finally, Crain seeks judicial review and wishes to have another judge appointed to this case. I construe his motion as one for reconsideration and for recusal. Normally, a judge should not be recused when the only basis for the recusal motion is that the judge made adverse rulings in the case where the party seeks the judge's disqualification. *Liteky v. U.S.*, 510 U.S. 540, 555 (1994); *In re Marshall*, 721 F.3d 1032, 1041 (9th Cir. 2013). "Since a federal judge is presumed to be impartial, the party seeking disqualification bears a substantial burden to show that the judge is biased." *Torres v. Chrysler Fin. Co.*, 2007 WL 3165665, at *1 (N.D. Cal. Oct. 25, 2007) (citing *Reiffin v. Microsoft Corp.*, 158 F. Supp. 2d 1016, 1021–22 (N.D. Cal. 2001)). I find that Crain has failed to present evidence that would lead a reasonable person to conclude that my "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). As a result, I deny his motion for judicial review.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Crain shall have until March 10, 2023, to file a supplemental response showing how this case differs from his previous one and how this court has subject-matter jurisdiction over this case. His failure to do so may result in the dismissal of this case.

IT IS FURTHER ORDERED that plaintiff's motion for judicial review [ECF No. 4] is DENIED.

DATED: February 6, 2023

_____
Cristina D. Silva
United States District Judge