UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Marc T. Crain,

Plaintiff

v.

Mercedes Benz of USA, et al.,

Defendants

Case No. 2:22-cv-02080-CDS-NJK

**Order Denying Motion for Remedy of Damages and Dismissing Case**

[ECF No. 10]

This is a purported fraud action brought by pro se plaintiff Marc Crain on December 16, 2022. *See* Compl., ECF No. 1-2. On December 20, 2022, I issued an order requiring Crain to show cause by January 10, 2023 as to why this case should not be dismissed with prejudice as duplicative of another action that was already dismissed with prejudice for failing to effectuate timely service on defendant (*Crain v. Mercedes Benz of USA, et al.*, 2:22-cv-00806-CDS-BNW at ECF No. 24). ECF No. 3. On January 5, 2023, Crain filed a "motion for judicial review" (ECF No. 4), which I liberally construed as a response to my show cause order. I denied his motion and gave Crain a second opportunity to respond to the show-cause order. *See* Order, ECF No. 5 at 3 (giving Crain until March 10, 2023 to file a supplemental response to the show cause order). Crain was cautioned that failure to file a response showing how this case differs from his previous one and how this court has subject-matter jurisdiction may result in dismissal of this case. *Id.*

Crain filed two documents, which the court liberally construes as timely supplemental responses to the court's show-cause order. *See* ECF Nos. 6; 7. The first filing is five pages long, consisting of handwritten pages and printed pages with handwritten notes on top of them. ECF No. 6. Therein, Crain complains about having paid the required $405 filing fee,[1] amongst other

---

[1] The court notes that Crain had not yet paid the filing fee at this time as he had a *in forma pauperis* application pending. That application was denied without prejudice on October 6, 2023. Order, ECF No. 8. Crain subsequently paid $402 on November 8, 2023. ECF No. 9 (receipt of payment).

1  statements such as "you should be aware that I was almost killed by Clark County Guardian ship

2  (sic) Court," "everyone will go to jail," there is "evidence of civil abuses which [] appear criminal

3  in nature." *See generally id.* The second filing is 44 pages long, consisting of various documents,

4  many of which contain handwritten notes on top of printed font, making it difficult for the court

5  to read some of the underlying documents. *See generally* ECF No. 7. The documents also seemingly

6  make additional allegations (including allegations of criminal acts), or an attempt to expand on

7  the underlying allegations of the complaint, which is wholly beyond the narrow scope of the

8  court's show-cause order. Both filings are non-responsive to the court's orders.

9       Crain was cautioned that failing to respond may result in dismissal of this action. ECF

10 No. 3; ECF No. 5. While Crain filed documents in response to the show-cause order, and the order

11 permitting a supplemental response, none of Crain's filings were responsive to the court's specific

12 request asking him to show why this case should not be dismissed with prejudice as duplicative

13 of another action that had already been dismissed or how this court has subject-matter

14 jurisdiction. Consequently, I dismiss this action with prejudice.

15      On March 13, 2024, Crain filed a motion to remedy damages. *See* ECF No. 10. Because I

16 dismiss this action with prejudice, I deny Crain's motion to remedy damages as moot.[2]

17                              **Conclusion**

18      IT IS HEREBY ORDERED Crain's motion for remedy of damages **[ECF No. 10] is**

19 **DENIED as moot**.

20      IT IS FURTHER ORDERED that this action is dismissed with prejudice. The Clerk of

21 Court is kindly directed to enter judgment accordingly and to close this case.

22      Dated: May 28, 2024

23      _____

24      Cristina D. Silva
        United States District Judge

25

26
---
[2] Local Rule 7-2 requires a motion "be supported by a memorandum of points and authorities." LR 7-2(a). The court notes that Crain's motion failed to cite any points and authorities in support thereof and would have been denied on that basis alone.